**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERNEST LEE VADEN,

             Petitioner - Appellant,

  v.

D. L. RUNNELS, Warden; ATTORNEY
GENERAL OF THE STATE OF
CALIFORNIA,

             Respondents - Appellees.

No. 10-15029

D.C. No. 2:06-cv-01733-JAM-
GGH

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 10, 2011
San Francisco, California

Before: HUG, SCHROEDER, and RAWLINSON, Circuit Judges.

      Petitioner-Appellant Ernest Lee Vaden (Vaden) challenges the district

court's denial of his federal habeas petition. Vaden asserted a claim based on

ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

(1984).  Additionally, Vaden raised an uncertified issue concerning the trial judge's failure to appoint substitute counsel to present Vaden's claim that his trial counsel was ineffective.

1.     We agree with the district court that the state court did not unreasonably apply *Strickland*.  "[A] defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."  *Massaro v. United States*, 538 U.S. 500, 505 (2003).   The state court did not unreasonably apply *Strickland*, because as it observed, the medical records were not especially probative regarding Vaden's intoxication defense.  *See Strickland*, 466 U.S. at 689.

2.     The district court was correct in denying habeas relief for Vaden's claim that counsel was ineffective for failing to call an expert witness to support his claim of intoxication.  Assuming, without deciding, that counsel's performance was deficient, Vaden failed to establish prejudice, *i.e.*, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland,* 466 U.S. at 694.  As the magistrate judge noted, Vaden did not provide a declaration from any expert to support his claim that Activan

increased his intoxication. This lack of supporting documentation precludes a finding of prejudice. *See Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001).

**3.** We do not address Vaden's uncertified claim, because he failed to "ma[k]e a substantial showing of the denial of a constitutional right" to warrant issuance of a certificate of appealability. *Rhoades v. Henry*, 598 F.3d 511, 518 (9th Cir. 2010) (citation omitted).

**AFFIRMED**.